## DUNLAP *versus* BURNHAM.

Judgment on a review will be rendered, as the merits of the case, upon law and evidence may require, without any regard to the former judgment, except as provided in c. 124, R. S.

Where the party against whom a judgment has been rendered, on review obtains a verdict, the judgment rendered on that verdict is a *substitute* for the *former* judgment, and thereby makes it a nullity.

Upon a judgment thus *nullified*, no action can be maintained to secure a lien for his costs, by the attorney who obtained it.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

DEBT on a judgment.

The plaintiff obtained a verdict and judgment against the defendant at the May term of the District Court, 1849, in Somerset, for $37,97, damages, and costs, $40,36, a copy of which was introduced.

J. H. Webster, Esq., his counsel in that case, claimed his lien upon that judgment in this action.

The defendant obtained a supersedeas upon the execution issued upon that judgment, and duly prosecuted a review of the action, and at the May term of the same Court, in 1851, a trial was had and a verdict returned for the original defendant, and judgment rendered for his costs taxed at $75,47.

It was stipulated that the Court might draw such inferences from the facts as a jury might and enter such judgment as the law and facts may require.

*Foster*, for defendant.

*Webster*, for plaintiff.

The judgment that shall be rendered in an action of review is prescribed in R. S., c. 124, § 9. If the judgment on review is rendered " without any reference to the former judgment," what becomes of the former judgment? It is not annulled, reversed or satisfied. It must then be a good, perfect and outstanding judgment.

The supersedeas has no effect longer than the pendency of the review.

There is no provision either in c. 123, or c. 124, R. S., authorizing the Court either to annul, remove or satisfy the first judgment. Before the enactment of R. S. there was statute law that the former judgment might be reversed in whole or in part. And if the Legislature intended the Courts should have retained that power, they would not have repealed the only enactment by virtue of which the power was exercised.

An attorney's lien attaches as soon as a judgment is rendered and can only be avoided by reversing that judgment by a writ of error.

TENNEY, J. — The plaintiff obtained a verdict and judgment against the defendant, in the original action. Upon a review of the same, a verdict was returned for the defendant, on which judgment for costs was rendered. The present suit is an action of debt, upon the judgment first obtained. It is insisted for the plaintiff, that it remains in full force, (notwithstanding the judgment upon the review against him,) for the full amount; — or if not for the whole sums awarded, it is effectual, so far as to protect the ordinary lien of an attorney, which is claimed in this case.

All former statutes, touching reviews, were repealed at the time the Revised Statutes were enacted; hence we are to look to the provisions of the latter alone, upon this subject, for direction in the proceedings.

By R. S., c. 124, § § 8 and 9, it is provided, that the cause shall be disposed of by verdict, nonsuit, default or otherwise, as if it were an original suit. And judgment on the review shall be given, as the merits of the cause upon law and evidence shall require, without any regard to the former judgment, excepting as is herein after mentioned. The exceptions referred to, are where the damages of the former judgment are reduced to a smaller, or increased to a larger sum, than that awarded on the review. § § 12 and 13. These sections provide the manner in which judgments shall be

rendered, or offset, so as to do final and complete justice between the parties.

In those cases, not falling within the exceptions, we are not to presume that the Legislature either provided an imperfect or uncertain remedy; or omitted to make provision, so that the purpose of the party obtaining the review, and succeeding therein on the final trial, should ever be defeated, unless the language employed will admit fairly, of no other construction. It is manifest, that it was designed that the judgment to be rendered, " as the merits of the cause upon law and evidence shall require, without any regard to the former judgment," was to be such as also to do final and complete justice between the parties, and to be substituted for the former judgment, making the latter a nullity; and if annulled, no basis for the lien of an attorney can remain.

According to the agreement of the parties, the plaintiff is to become                                      *Nonsuit.*

SHEPLEY, C. J., and RICE, APPLETON and CUTTING, J. J., concurred.